**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ARTURO OROZCO JR., R25704, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 25-cv-1329-DWD |
| DEANNA M. BROOKHART, JOHN DOE 1, | ) ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM & ORDER</u>

**DUGAN,  District Judge:**

Plaintiff Arturo Orozco Jr., an inmate of the Illinois Department of Corrections (IDOC) currently detained at a prison in the state of Washington, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff alleges that Defendant John Doe 1 created a danger to him by branding him as a snitch in the presence of other inmates, and Defendant Brookhart failed to protect him from a subsequent attack.  He also alleges that Brookhart prevented him from receiving adequate medical care after the attack, instead allowing him to be transferred to another prison.  The Court designated two claims to proceed (Doc. 14), and directed Plaintiff and Brookhart to engage in initial discovery to identify John Doe 1.  The identification process has now been ongoing for more than six months and is the subject of many motions which will be addressed herein.

On January 14, 2026, the Court extended deadlines for Plaintiff's identification of John Doe 1 and directed Brookhart to take specific steps.  (Doc. 25).  On March 10, 2026, the Court received a February motion from Plaintiff seeking an extension of the January deadlines, but the deadline had already been extended to April 9, 2026.  Thus, Plaintiff's March Motion for an Extension (Doc. 30) is **DENIED** as moot.

On April 13, 2026, the Court received a new Motion to Compel (Doc. 31) from Plaintiff asking the Court to either direct the provision of certain security rosters so he could cross-check if he had been provided the correct name, or to direct the defendants to respond to limited interrogatories about the shifts one prison employee worked.  For some reason the same motion was mailed a second time to the Court just days later, but is identical in substance.  (Doc. 32).  Defendant submitted a response to the Motions wherein counsel averred that the requested shift rosters were sent on April 17, 2026, with partial redactions.  (Doc. 34).

On May 29, 2026, Plaintiff moved for an order compelling the Defendants to send him his legal mail boxes that allegedly remained in the custody of IDOC.  (Doc. 39).  He alleges the boxes contain his notes on the true identity of John Doe 1.  He also claims that the rosters he was sent are not helpful in identifying John Doe 1 due to redactions. Defendants have responded that the Motion to Compel (Doc. 39) should be denied because counsel contacted the prison and was informed that the boxes were physically moved for mailing to Plaintiff's address on June 2, 2026.  (Doc. 40).  In light of counsel's representation, the Court will **DENY** Plaintiff's Motion (Doc. 39).  The Court will likewise deny the earlier Motions to Compel (Docs. 31, 32) because counsel avers that the desired

rosters were provided.  However, because responsive materials may still conceivably be en route to Plaintiff with his legal boxes, the deadline for him to identify John Doe 1 shall be extended to July 20, 2026.

Defendant Brookhart's three motions for an extension of time to answer the complaint (Docs. 36, 38, 42) are GRANTED, Brookhart's answer shall be due September 21, 2026.  This shall allow ample time to identify and serve John Doe 1.

In addition to the many motions concerning the identity of John Doe 1, Plaintiff has also filed two Motions re the Recruitment of Counsel (Docs. 26, 33).  In both, he contends that due to his injuries from the alleged excessive force, his limited education and English language skills, and his transfer to an out-of-state prison, he is in serious need of court recruited counsel.

There is  no right to the appointment of counsel in civil matters.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).  "Some of the circumstances that require judicial consideration are the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Thomas v. Wardell*, 951 F.3d 854, 860 (7th Cir. 2020); *see Eagan,* 987 F.3d at 682–83.  As for competence, "A judge will normally consider 'the plaintiff's

literacy, communication skills, educational level, and litigation experience' along with any evidence in the record 'bearing on the plaintiff's intellectual capacity and psychological history.' But these are merely factors that are ordinarily relevant. No one factor is 'necessary or conclusive.'" *Jones v. Anderson*, 116 F.4th 669, 675-76 (7th Cir. 2024) (internal citations omitted).  The court must examine specifically the plaintiff's ability to litigate the case, as opposed to the ability of any "jailhouse lawyer" assisting the plaintiff. *Eagan*, 987 F.3d at 682.

The Court acknowledges that there are many factors weighing in favor of appointing counsel in this case such as the subject matter, Plaintiff's English skills, and his out-of-state transfer.  Plaintiff has also attested at times that he has only been able to proceed with the help of jailhouse lawyers.  Despite all of these factors, it is still very early in this case, Plaintiff has diligently stayed in communication with the court, and has frequently filed motions to communicate his actions and needs in association with this litigation.  Plaintiff's pleadings are coherent, organized, and adequate to accomplish the tasks expected of him at this early juncture.  The next phase of the case will not yet be determined until Defendants file their answers indicating if they will pursue the affirmative defense of failure to exhaust, or if they will simply proceed to the merits of the case.  This is an important distinction because many inmates can manage the exhaustion phase of the case on their own given that it relies primarily on their own knowledge of the steps they took to use the administrative remedy process.  By contrast, the merits phase of the case is much broader in scope and commonly involves more

complex issues.  Because Plaintiff has been doing very well representing himself in this matter either on his own or with assistance, the Court is not yet persuaded that he needs counsel.  However, once answers have been filed, the next step is determined, and a scheduling order has issued, the Court will gladly reconsider this issue if Plaintiff files a new motion.  For now, Plaintiff's Motions for Counsel (Docs. 26, 33) are denied.

Finally, on June 22, 2026, Plaintiff filed a Motion for an Extension, seeking until July 27, 2026, to file his Motion to Substitute.  His correspondence may well still be in transit from Washington.  Out of an abundance of caution, the Court will grant Plaintiff's extension (Doc. 41), and his Motion to Substitute shall be filed by September 4, 2026.  If Plaintiff fails to file a motion to substitute by that deadline, John Doe may be dismissed from this action.

### DISPOSITION

**IT IS HEREBY ORDERED THAT** the Motions at documents 26, 30, 31, 32, 33, and 39 are **DENIED** for reasons explained in this Order, and the Motions at documents 36, 38, 41, and 42 are **GRANTED**.  Plaintiff shall have until September 4, 2026, to file a motion to substitute, and Defendants shall have until September 21, 2026, to file their answer. Further extension are strongly disfavored.

**IT IS SO ORDERED.**

**DATED:** August 7, 2026

DAVID W. DUGAN
United States District Judge